UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

John James Andreaccio,

                Plaintiff

v.

Nye County,

                Defendant

Case No. 2:23-cv-00635-CDS-EJY

**Order Granting Defendant's
Motion to Dismiss and Closing Case**

[ECF No. 9]

       This is the second case brought by pro se plaintiff John James Andreaccio involving an interaction between himself and a Nye County Sheriff's Officer in April 2021. Andreaccio brought a similar complaint before United States District Court Judge Jennifer A. Dorsey in 2022, who granted summary judgment for the defendants on all of Andreaccio's claims.[1] Defendant Nye County now moves to dismiss the instant action because this litigation is not only duplicative of the 2022 case but lacks merit on its own. Andreaccio's opposition to the motion to dismiss was due on or before June 23, 2023,[2] but as of the date of this order, he has not filed any response. For the reasons set forth herein, I grant the defendant's motion to dismiss and direct the Clerk of Court to close this case.

I.    **Legal standard**

       Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th

---

[1] I take judicial notice of the prior case, No. 2:22-cv-00672-JAD-NJK (hereinafter "the 2022 action"), without adopting the findings of fact from that case. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

[2] ECF No. 9; *see also* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to a motion—other than one for summary judgment—is fourteen days after service of the motion).

Cir. 1995) (refusing to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

## II. Discussion

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissing Andreaccio's claims. This is his second lawsuit involving the same interaction with Nye County Sheriff Joshua Weaver in April of 2021. Andreaccio filed this complaint, raising many of the same allegations, just one month after summary judgment was granted in favor of defendants in the 2022 action. The complaint does not itself indicate why Andreaccio seeks to file duplicative claims based on the same series of events.

The third factor also weighs in favor of dismissal of Plaintiff's claims. There is no apparent risk of prejudice to the defendant by dismissing this action at this time. Nye County filed the motion to dismiss and has already succeeded in challenging the plaintiff's claims in the

first instance. Further, with no opposition from Andreaccio, I have no information regarding why or how dismissal would be prejudicial to him.

The fourth factor further weighs against dismissing of Andreaccio's claims. That is because, as noted above, public policy favors disposing of cases on their merits. This would be a case that is not resolved on the merits; however this factor does not outweigh the other factors favoring dismissal—especially in light of the fact that Andreaccio's other was case resolved on the merits.

Last, with respect to whether less drastic measures have been considered, I have considered other measures and find that dismissal without prejudice of Andreaccio's claims is the least drastic measure available to me at this stage. Accordingly, the fifth factor also weighs in favor of dismissal of this case. Because the factors on balance weigh against Andreaccio, I grant Nye County's motion to dismiss.

### III. Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss [ECF No. 9] is **GRANTED**.

IT IS FURTHER ORDERED that each of Andreaccio's claims are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

DATED this July 25, 2023

_____
Cristina D. Silva
United States District Judge